**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EVA LUCAS-COOPER, | ) CASE NO. 1:05-cv-00959 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) NANCY A. VECCHIARELLI |
| PALMETTO GBA, *et. al.*, | ) |
| Defendant. | ) ORDER |

On June 12, 2006, Plaintiff Eva Lucas-Cooper filed a motion for leave to file a second amended complaint (Doc. No. 156).  For the reasons set forth in detail below, this motion is **DENIED**.

## I.  PROCEDURAL BACKGROUND

On April 13, 2005, Plaintiff Eva Lucas-Cooper filed the instant action.  In her complaint, Plaintiff alleged the eleven Defendants, Palmetto GBA ("Palmetto"), Blue Cross & Blue Shield of South Carolina ("Blue Cross"), Vincent B. Johnson ("Johnson"), Cardinal Home Health Care, LTD ("Cardinal"), Charter One Bank ("Charter One"), Citizens Financial Group ("Citizens"), Royal Bank of Scotland PLC ("Royal Bank"), Ohio Dept. Of Job and Family Services ("ODJFS"), the Veterans Administration ("VA"), Taft, Stettinius & Hollister, LLP ("Taft"), and Gibson, Brelo, Ziccarelli & Martello ("Gibson") unlawfully used her Employer Identification

Number ("EIN"). Plaintiff included the following claims against the Defendants: (I) gross negligence and reckless conduct; (II) violations of 18 U.S.C. § 1028; (III) fraud and negligent misrepresentation; (IV) violations of 18 U.S.C. § 1962 (c) and (d); (V) violation of 18 U.S.C. § 1962(a); (VI) unjust enrichment; (VII) violation of 5 U.S.C.§ 552a; and (VIII) outrageous conduct or punitive damages. Plaintiff's claims arose out of the alleged unauthorized use of an Employer Identification Number ("EIN"). Specifically, Plaintiff claimed that Defendants Johnson, her former business partner, and Cardinal One Healthcare, her former company, used her EIN to receive funds and that the other Defendants either assisted or somehow benefitted from the alleged use of the EIN.

Defendants Palmetto, Blue Cross, Johnson, Charter One, Citizens, ODJFS, the VA, and Taft filed motions to dismiss the complaint. While those motions were pending, Plaintiff filed a motion for leave to file an amended complaint. The Court denied this motion, citing both the pending motions to dismiss and Plaintiff's apparent lack of good faith.

The Magistrate Judge issued several Reports and Recommendations ("R&Rs") on March 31, 2006 regarding the motions to dismiss. Specifically, the Magistrate Judge recommended the following: (1) all counts against Taft, ODJFS, the VA, Palmetto and Blue Cross be dismissed; (2) Counts II and VII, the request for declaratory relief, and miscellaneous claims identified in Plaintiff's prayers for relief against Charter One and Citizens be dismissed; and (3) Counts II, III, IV, V, and VII against Johnson be dismissed. The Magistrate Judge also issued an R&R setting forth the following guidelines for Plaintiff in filing an amended complaint:

2

1.   The R&Rs recommend that all fraud claims alleged in the complaint be dismissed because the complaint affirmatively states that Plaintiff did not rely on the alleged misrepresentations of Defendants.  Therefore, Plaintiff should not be granted leave to file an amended complaint containing the same or similar allegations of fraud.

2.   To the extent that Plaintiff's RICO claims are based on Defendants' alleged fraud, they also should be dismissed without leave to refile because the complaint affirmatively states that Plaintiff did not rely on the alleged misrepresentations of Defendants.  Those RICO claims not based on Defendants' alleged fraud could be considered by the Court, if Plaintiff properly amends them.  However, Plaintiff should be reminded that RICO claims are not simple, common, or routine and even the most seasoned attorneys may find pleading a RICO claim difficult. RICO claims are very serious charges and can be very burdensome to all parties if they are pursued without a firm basis in law and fact.  Plaintiff should only allege RICO violations if both the facts and the law support such a claim and Plaintiff has a sincere and good faith basis for the charges.

3.   The R&Rs recommend that the claims alleging violations of 18 U.S.C. § 1028 be dismissed as no basis exists for a civil action under this statute.  Plaintiff should not be given leave to amend for the purpose of alleging new facts or claims based upon this criminal statute, or to raise new claims of any criminal violations that do not allow for a civil right of action.

4.   The R&Rs recommend that claims alleging violations of  5 U.S.C. §§ 552 and 552a against non-federal governmental entities be dismissed.  Plaintiff should not be allowed to raise such claims in any future amended complaint.

5.   Plaintiff should be allowed to assert new claims against Palmetto and the VA only if she can truthfully and affirmatively allege that she exhausted administrative remedies in her complaint.

6.   Plaintiff should not be permitted to amend any of her existing claims against ODJFS as the Eleventh Amendment bars suit against the State of Ohio and ODJFS in federal court.  As to any new claims against these entities, Plaintiff should be required to establish a waiver of Eleventh Amendment Immunity before she is permitted to file any new claims.

7.   Any claims in Plaintiff's original complaint that are raised in an amended complaint should correct all deficiencies identified in the R&Rs issued regarding Defendants' various motions to dismiss and Plaintiff's previous motion for leave to file an amended complaint.

      8.      Any future amended complaint should be filed only with leave from Court. If Plaintiff seeks to file an amended complaint, Plaintiff should be required to submit a motion for leave to file an amended complaint specifically identifying both the law and facts that support any new claims in order for leave to be granted.

      9.      Finally, Plaintiff should be reminded that: (1) she is required to follow the mandates of Rule 11 in filing an amended complaint; (2) she cannot file an amended complaint that is presented for an improper purpose (*e.g.,* harassment, delay, increased costs), that sets forth legal claims that are not reasonably warranted under existing law, or that contains factual allegations that lack evidentiary support; and (3) her failure to abide by the guidelines set forth in the Court's order regarding amendments and on the mandates of Rule 11 could result in the imposition of sanctions against Plaintiff. The Plaintiff should be required to take this caution seriously. In the Magistrate Judge's view, the claims Plaintiff has asserted border on being frivolous and abusive of the judicial process. Furthermore, Plaintiff has inundated this Court with numerous unnecessary motions.

Thereafter, on April 28, 2006, all parties, including the Plaintiff, consented to the full jurisdiction of the Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. No. 139.) On that same day, the Magistrate Judge converted all R&Rs into Orders - including those regarding the motions to dismiss and setting forth guidelines for filing an amended complaint. (Doc. No. 144.)

On June 12, 2006, three days after the Court's deadline for filing a motion for leave to file a second amended complaint, Plaintiff filed a motion for leave and attached a copy of the proposed second amended complaint. The proposed second amended complaint is over 200 pages in length. It names all the original defendants as defendants, with the exception of Royal Bank,[1] and includes the following 32 new defendants: Donna M. Flemmang (counsel for

---

[1] Plaintiff's pleadings are not entirely clear with respect to whether Royal Bank and the VA are defendants in the proposed second amended complaint. The proposed second amended complaint specifically incorporates her original complaint, which includes both Royal Bank and

Defendant Taft), Patricia Fleming Krewson (counsel for Defendant Taft), Peter M. Poulos (counsel for Defendant Taft), Stephen H. Jett (counsel for Defendant Taft), Mark A. Ziccarelli (counsel for Defendant Gibson), Thomas J. Mayernik (counsel for Defendant Gibson), Ann Donnelly (billing coordinator for Cardinal), Anita Russell,[2] A&B Properties (Plaintiff's former landlord), Alan Donner (owner of A&B Properties), U.S.A. Management (Plaintiff's former landlord), Charles Andrews (owner of U.S.A. Management), E.B. Games (company now leasing Plaintiff's previous office space), Jeff Griffiths (Chief Executive Officer of E.B. Games), Charles John Koch (Chairman of Charter One), Ilah Adkins (counsel for Defendant Charter One), Sandra Day (custodian of records at Charter One), Donna Price (Charter One branch manager), Lawerence K. Fish (Chairman of Palmetto), Russell Gibson (Manager of the Royal Bank of Scotland), Bruce Hughes (President of Palmetto), William Horton (Chief Operating Officer of Blue Cross), Dale Goldstein (VA employee), James Peebles (Director of Provider Relations at Palmetto), Rodney Johnson (counsel for Palmetto), Marlene Frierson, Governor Robert Taft, Barbara Riley (Director of ODJFS), Jill Readon (Deputy Director of ODJFS), Jeffery Corzine (Chief of Department of Surveillance and Utilization Review), James Skidmore (counsel for ODJFS), and Edward Zachrich (Director of Provider Relations at ODJFS).

---

the VA as defendants.  Moreover, while the VA is not identified as a defendant in the caption of the proposed second amended complaint, the VA is repeatedly referred to as a "defendant" in the complaint.  However, in her motion for leave, Plaintiff claims that among her proposed changes in the proposed complaint is the dismissal of the VA.

[2]Anita Russell, along with Marlene Frierson and Governor Robert Taft are identified as defendants in the caption of the proposed second amended complaint, but are not identified or otherwise mentioned in the body of the complaint.  In her motion for leave, Plaintiff claims that among the proposed changes in the proposed second amended complaint are the dismissal of Governor Taft and Ms. Russell.   In addition, she cites Ms. Frierson as an "additional defendant" in her motion.

In addition, Plaintiff's proposed second amended complaint contains 59 counts against the various proposed defendants, including numerous RICO, constitutional, and criminal violations.  Moreover, the proposed second amended complaint specifically "incorporates her original complaint, all of her previous pleadings before the state, and this Court. . . ."  (Proposed Complaint at ¶ 112.)

Several of the original Defendants filed memoranda in opposition to the motion for leave. (Docs. No. 158, 159, 160, 161, and 162.)

## II. ANALYSIS

### A. Standard

Plaintiff is acting *pro se*.  *Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings.  *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  However, even the most liberal reading of plaintiff's proposed second amended complaint does not provide a basis for this Court to grant leave to amend.

Rule 15(a) of the Federal Rules of Civil Procedure provide that leave to amend a pleading should be "freely given when justice so requires."  The Supreme Court has interpreted this statement to mean that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Failure to Adhere to the Court's Guidelines

In the instant action, justice does ***not*** require that leave to amend the Plaintiff's complaint be given. Despite this Court's specific guidelines instructing Plaintiff on the procedure for filing a motion for leave to file an amended complaint and the Court's detailed discussion of the law, Plaintiff has ignored the vast majority of these guidelines and the law applicable to this case.

#### 1. Motion for Leave

First and foremost, Plaintiff failed to comply with the instruction that she "submit a motion for leave to file an amended complaint ***specifically identifying both the law and facts that support any new claims in order for leave to be granted***." (emphasis supplied.) Although Plaintiff filed a motion for leave with her proposed second amended complaint, it failed to identify the law and facts supporting the new claims presented in the proposed amended complaint.

Instead of complying with the Court-ordered guidelines, Plaintiff takes the opportunity to complain, once again, about the fact that the Court converted all previous R&Rs into Orders upon the consent of the parties to the full jurisdiction of the Magistrate Judge. As these objections are irrelevant to the issue of whether the motion for leave to amend should be granted and the Court has addressed these issues in prior orders (*See* Doc. Nos.144, 150, 155 (explaining that the R&Rs are converted to Orders and that Judge Wells no longer has jurisdiction in this case)) , the Court declines to do so again.[3]

---

[3]However, it is noted that Plaintiff misrepresented the events of the April 25, 2006 Case Management Conference ("CMC"). Plaintiff alleges that:

> At the Case Management Conference on April 25, 2006, Magistrate Judge Vecchiarelli asked Plaintiff when she would file her Second Motion for Leave to Amend her

7

The only claims addressed at all by Plaintiff in her motion for leave are the RICO claims. However, the attempted "amendment" of these claims is futile.

By incorporating her original complaint into the proposed second amended complaint, Plaintiff essentially realleges all the allegations that were previously dismissed, including her RICO claims and thus ignores the Court's previous dismissal of those claims.

Moreover, the new claims in the proposed second amended complaint suffer from many of the same deficiencies as the original complaint.  Most glaring is Plaintiff's failure to plead the underlying frauds, which serve as the basis of Plaintiff's RICO claims, with any specificity.[4]

---

> Complaint, and Plaintiff stated that she would file her Motion after Judge Wells had rule on Plaintiff's Objections.  Magistrate Judge Vecchiarelli remarked that Judge Wells would agree with all the Reports and Recommendations.

This statement is incorrect, as evidenced by the minutes of the CMC (Doc. No. 138), that state Plaintiff was to file her motion for leave on or before June 9, 2006.  At the CMC, Plaintiff had requested forty-five days to file this motion and the Court reluctantly granted the request for such additional time.  Moreover, the Magistrate Judge did not raise the issue of consent at the CMC.  That issue was raised by a defendant.  The Plaintiff, who was accompanied by a friend and apparent advisor as she consulted with this individual, readily agreed to the consent.  The Plaintiff asked no questions about the consent.  She was informed the consent meant the case would be before the Magistrate Judge instead of Judge Wells.  She did not ask for clarification about the pending R&Rs and, in fact, the Magistrate Judge indicated at the conference that those would be converted to orders and scheduled a case management plan accordingly.  The Plaintiff's consent, in this Court's view was knowing and voluntary.  Moreover, the Court never represented that Judge Wells would "agree" with all the R&Rs.  This allegation of the Plaintiff, which falsely suggests the Magistrate Judge somehow cajoled the Plaintiff into a consent to the Magistrate Judge's jurisdiction, is inconsistent with her allegations that she believed Judge Wells maintained jurisdiction over the R&Rs.

[4] As previously explained to Plaintiff, if fraud is the basis for a civil RICO matter, the pleading is governed by Rule 9(b).  *See Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992) (RICO action dismissed for failure to plead with particularity required by Fed. R. Civ. P. 9(b)). "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on the facts showing the plaintiff's reliance on defendant's false statement of fact." *Blount Fin. Servs., Inc., v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987).  As to the level of specificity required, "a

Aside from lengthy, but conclusory, allegations of RICO violations, Plaintiff has not revealed: the dates of the fraudulent statements, the persons who made the statements, or the specific contents of the statements.

In her motion for leave, Plaintiff asserts that at the April 25, 2006 Case Management Conference, "the Magistrate Judge indicated . . . that she would research to see if Plaintiff could use RICO criminal statutes for civil RICO litigation." This statement is simply untrue. It is not the Court's role to research potential claims for litigants. Plaintiff has chosen to proceed with this action *pro se*, and as such, must rely on her own research skills to determine whether a particular claim is appropriate.

Moreover, Plaintiff has apparently not heeded this Court's repeated warnings at the CMC, as well as in previous orders, that RICO claims are difficult to plead and Plaintiff should take caution in setting forth such claims. This Court directed that Plaintiff should only allege RICO violations if both the facts and the law support such a claim and Plaintiff has a sincere and good faith basis for the charges. Plaintiff has plainly failed to follow these guidelines.

### 2. Fraud Claims

Plaintiff was not granted leave to refile the same allegations of fraud. Plaintiff ignored the Court's instruction that she should not set forth an amended complaint containing the same or similar allegations of fraud because she affirmatively stated in her original complaint that she

---

RICO plaintiff 'must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud.'" *Goren v. New Vision Int'l,* 156 F.3d 721, 726 (7th Cir. 1998) (quoting *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)).

9

did not rely on Defendants' fraudulent statements. Although in the proposed second amended complaint Plaintiff now alleges that she relied on these statements in some of her claims, her allegations in the original complaint that she did *not* rely on these statements indicate otherwise. Her attempt to amend in this fashion is particularly egregious in light of the fact that she incorporated her original complaint into the proposed second amended complaint and notes in her motion for leave that her claims in the proposed second amended complaint "arise from the same operative facts in the original Complaint." (Motion for Leave at ¶ 15.)

Moreover, Plaintiff fails to plead her fraud claims with specificity, which was yet another reason for their dismissal in the original complaint.

### 3. Criminal Violations

Plaintiff ignored the case law and this Court's order instructing Plaintiff to refrain from raising new claims of any criminal violations that do not allow for a civil right of action. Plaintiff's proposed second amended complaint sets forth numerous criminal statutes that appear to have no private right of action, including, among others, 18 U.S.C. § 286 (conspiracy to defraud the government with respect to claims), 18 U.S.C. § 1503 (obstruction of justice), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1951 (interference with commerce by threats or violence). Plaintiff makes no effort in her motion for leave to explain how she derived a private right of action from any of the criminal counts she alleges in her proposed second amended complaint.

### 4. Claims against Palmetto and the VA

The Court instructed Plaintiff that claims against Palmetto and the VA may only be asserted if she truthfully and affirmatively alleges that she exhausted administrative remedies in

her complaint. Plaintiff simply failed to allege that she exhausted administrative remedies with either defendant.

### 5. Claims Against ODJFS

Despite the Court's instruction that Plaintiff shall not raise new claims against ODJFS as the Eleventh Amendment bars suit against it in federal court, Plaintiff named ODJFS as a defendant in the proposed second amended complaint. Plaintiff summarily stated that ODJFS waived Eleventh Amendment immunity by accepting federal funds – an argument previously rejected by this Court.

### 6. Rule 11

The Court instructed Plaintiff that she shall remember the mandates of Rule 11 and shall not file a proposed amended complaint for an improper purpose (*e.g*., harassment, delay, increased cost).    Plaintiff blatantly ignored this guideline.

Among the 32 proposed defendants are seven attorneys who currently represent other defendants in the action. The Court previously warned Plaintiff about including these attorneys as defendants in her first amended complaint based upon counsel to their clients. Plaintiff's current claims against these defendants again appear to stem from their legitimate representation of their clients. As stated previously, including these attorneys as defendants smacks of harassment and appears to be motivated by the desire to create a circumstance that would require defendants to retain new counsel, thus increasing legal fees for these defendants.

Plaintiff names other new defendants that have seemingly little to do with the basic premise set forth in the complaint. Although the root of Plaintiff's grievances seems to be a dispute between Defendant Johnson and Plaintiff regarding the ownership of a company and

11

Defendant Johnson's alleged illegal use of Plaintiff's EIN, Plaintiff names her former landlords, as well as their new tenant, as defendants in the proposed second amended complaint. Plaintiff's reasons for naming such parties to this litigation are unascertainable.

Finally, Plaintiff raises numerous new claims, as well as reasserting previously dismissed claims, that are at best, frivolous, and at worst, malicious.   The new claims include:

• Claims against non-governmental defendants for constitutional violations (Counts 2, 3, 4, and 5);

• Allegations of "intentional infliction of emotional distress" premised on 18 U.S.C. § 2333, a statute providing a cause of action for a person injured by an act of international terrorism (Count 18);

• Allegations of violations of Article 1, Section 14 of the Ohio Constitution, which prohibits unreasonable searches and seizures (Count 31);

• Claims of international money laundering (Count 34);

• Allegations of obstruction of justice (Count 42); and

• Numerous claims that the 42 defendants, who range from former landlords to government agencies to bank employees, worked in concert and engaged in a vast conspiracy to deprive Plaintiff of her company, the use of her EIN, and proceeds connected with the company and her EIN.

On their face, such claims are clearly frivolous and designed to waste the time and resources of the Defendants and this Court.

### C.  Failure to Timely File Motion for Leave

In addition to the numerous failures in following this Court's guidelines, as well as the mandates of Rule 11, Plaintiff failed to timely file her motion for leave and the proposed second amended complaint. The Court set a June 9, 2006 deadline for this motion at the April 25, 2006 CMC, giving Plaintiff a generous forty-five days to file. On June 7, 2006, Plaintiff filed an eleventh hour request for extension of this deadline that was denied by the Court on the same day. The Court attempted to contact the Plaintiff via telephone regarding the order on the same day. However, Plaintiff failed to provide the Court with the correct telephone number. Plaintiff contacted the Court on June 8, 2006 and was informed of the Court's decision. Plaintiff was clearly on notice that the June 9, 2006 deadline stood, but did not file the motion until June 12, 2006. Thus, Plaintiff's motion was not timely filed, apparently without excuse and apparently in blatant disregard of this Court's orders.

### III.  Conclusion

Plaintiff failed to follow basically every directive given to her by the Court. The proposed second amended complaint fails to rectify the deficencies of the original complaint (as well as the first amended complaint). Not only does it set forth many of the same claims presented in the original complaint, but it adds several new frivolous claims and parties. Plaintiff's actions indicate bad faith on her part and demonstrate a lack of respect for this Court and the judicial process. As this Court cannot find that justice requires leave to file the proposed second amended complaint, Plaintiff's motion for leave (Doc. No. 156) is **DENIED.**

Furthermore, the claims dismissed in this Court's previous Reports and Recommendations (Doc. Nos. 110, 111, 112, 113, 114, and 116) issued on March 31, 2006, that now stand as Orders pursuant to this Court's order of April 28, 2006 (Doc. No. 144), are dismissed with prejudice.[5]  This Court will not impose additional sanctions at this time, but Plaintiff is again warned that she cannot ignore this Court's orders or abuse the legal process.

                    s/ *Nancy A. Vecchiarelli*
                    NANCY A. VECCHIARELLI
                    U.S. MAGISTRATE JUDGE

Date: July 27, 2006

---

[5] Specifically these claims are: (1) all counts against Taft, ODJFS, the VA, Palmetto and Blue Cross be dismissed; (2) Counts II and VII, the request for declaratory relief, and miscellaneous claims identified in Plaintiff's prayers for relief against Charter One and Citizens be dismissed; and (3) Counts II, III, IV, V, and VII against Johnson.

14