**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LUCAS-COOPER, | ) | CASE NO:     1:05-cv-00959 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| PALMETTO GBA *et al*, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND OPINION |

On August 11, 2006, Defendant Gibson, Brelo, Zicarelli & Martello Co., LPA ("Gibson") filed a motion to dismiss (Doc. No. 183), asserting that Plaintiff's complaint should be dismissed for failure to plead with particularity and failure to state a claim.  For the reasons set forth in detail below, the motion is **GRANTED**.  Defendant Gibson is dismissed.

## I.  PROCEDURAL BACKGROUND

On April 13, 2005, Plaintiff Eva Lucas-Cooper filed the instant action.  In her complaint, Plaintiff alleged the eleven Defendants, Palmetto GBA ("Palmetto"), Blue Cross & Blue Shield of South Carolina ("Blue Cross"), Vincent B. Johnson ("Johnson"), Cardinal Home Health Care, LTD ("Cardinal"), Charter One Bank ("Charter One"), Citizens Financial Group ("Citizens"), Royal Bank of Scotland PLC ("Royal Bank"), Ohio Dept. Of Job and Family Services ("ODJFS"), the Veterans Administration ("VA"), Taft, Stettinius & Hollister, LLP ("Taft"), and Gibson, Brelo, Ziccarelli & Martello ("Gibson") unlawfully used her Employer Identification Number ("EIN").  Plaintiff included the following claims against the Defendants: (I) gross negligence and reckless conduct; (II) violations of 18 U.S.C. § 1028; (III) fraud and negligent misrepresentation; (IV) violations of 18 U.S.C. § 1962(c) and (d); (V) violations of 18 U.S.C. §

1962(a); (VI) unjust enrichment; (VII) violations of 5 U.S.C.§ 552 or 552a; and (VIII) outrageous conduct or punitive damages.

On August 11, 2006 , Defendant Gibson filed a motion to dismiss Plaintiff's complaint. (Doc. No. 30).  In an Order dated August 4, 2006, Plaintiff was ordered to file a response to Gibson's motion on or before August 28, 2006.  Plaintiff failed to do so.

## II.  PLAINTIFF'S CLAIMS AGAINST GIBSON

Plaintiff's claims arise out of alleged unauthorized use of an Employer Identification Number ("EIN").  Specifically, Plaintiff claims that Defendants Johnson, her former business partner, and Cardinal One Healthcare, her former company, used Plaintiff's EIN to receive funds.  In May 2004, Johnson and Cardinal filed suit against Plaintiff in the Lake County, Ohio Court of Common Pleas, captioned *Cardinal Home Health Care, Ltd. and Vincent B. Johnson v. Eva Lucas Cooper aka Eva S. Lucas*, Case No. 04CV000904 (the "Lake County Litigation"). Johnson and Cardinal alleged that Plaintiff fraudulently took funds and/or property of Cardinal, in excess of $300,000, for personal use and engaged in serious mismanagement of Cardinal. Defendant Taft represented Johnson and Cardinal in this action from its institution until September 16, 2004.   Attorney Nicholas Austin represented Plaintiff in the Lake County Litigation.

Taft sought and received, on behalf of its clients Johnson and Cardinal, a temporary restraining order ("TRO"), which the Lake County Court extended numerous times and eventually vacated on February 24, 2005 when the parties submitted a settlement agreement to the Court.  The TRO directed Plaintiff to relinquish control of Cardinal and recognized Defendant Johnson as the sole authorized owner and/or representative for all purposes, including

billing. It further required Plaintiff to turn over numerous documents connected with the billing, including the EIN.

Plaintiff alleges that after the TRO was issued, she asked all Defendants to cease using the EIN. On June 29, 2004, Attorney Austin sent a letter to Taft stating that "Cardinal Home Health Care, Ltd. is not entitled, authorized, or permitted to bill with or in any way utilize, my client's tax identification number (EIN#) as said number is my client's and is non-transferable pursuant to federal law."

On July 23, 2004, the Lake County Court granted Austin's motion to withdraw as counsel. On August 23, 2004, Plaintiff, acting *pro se*, filed a motion for injunctive relief with the Lake County Court moving the court to prohibit Johnson and Cardinal from using the EIN, which was registered to Plaintiff as a sole proprietor.

On August 30, 2004, Taft filed a motion to withdraw as counsel for Johnson and Cardinal. On September 16, 2004, the Lake County Court granted the motion.

On the same day, the Lake County Court granted Plaintiff's motion for injunctive relief only to the extent that Johnson and Cardinal shall cease using the EIN on and after September 1, 2004. This entry by the Lake County Court is apparently the written memorialization of an oral order rendered on August 26, 2004 – the date on which the court held a hearing on the matter. Plaintiff claims that Johnson and Cardinal continued to use the EIN even after this order was issued.

Defendant Gibson became counsel of record for Johnson and Cardinal beginning on September 28, 2004. The litigation apparently continued while Gibson represented Johnson and Cardinal, but the complaint does not reveal the details.

The charges Plaintiff levels against Gibson stem primarily from allegations that Gibson: "knew or should have know that its clients had been found in contempt of Court for continuing to fraudulent [sic] use Plaintiff's [EIN]"; "professed innocence while it intentionally perverted the truth for the purpose of inducing Plaintiff to rely upon it to part with her [EIN]"; "continues to receive fees which it knows or has reason to know that the money is from the fraudulent use of Plaintiff's [EIN]"; and engaged in "conduct of aiding, assisting, encouraging, and abetting one or more of the other defendants in the unlawful fraudulent conduct, included [sic], but not limited to a false representation by words, conduct, allegations, suppressions of truth, suggestions, and concealment so that Plaintiff would act upon such falsehood and innuendo, to her legal injury."

### III.  STANDARD UNDER FED. R. CIV. P. 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant.  *See Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### IV.  ANALYSIS

### A. Count I - Gross Negligence and Reckless Conduct

Gibson asserts that Plaintiff cannot show all of the required elements of a gross negligence claim or a reckless conduct claim. Specifically, Gibson asserts that it did not owe Plaintiff a duty.

The *prima facie* elements of a negligence claim under Ohio law are: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach of that duty proximately caused the plaintiff's injury. *Chambers v. St. Mary's Sch.*, 697 N.E.2d 198, 200 (Ohio 1998). Gross negligence is the "failure to exercise any or very slight care" and "has been described as a failure to exercise even that care which a careless person would use." *Thompson Elec., Inc. v. Bank One, Akron*, *N.A.*, 525 N.E.2d 761, 768 (Ohio 1988). "Recklessness" is defined as:

> The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that is conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Thompson v. McNeill*, 559 N.E.2d 705, 708 (Ohio1990) (quoting 2 RESTATEMENT OF THE LAW 2D, TORTS (1965) at 587, Section 500).

In the instant action, Plaintiff does not allege or set forth facts in support of a legal duty owed to her by Gibson. What is clear from the complaint is that Gibson served as counsel for parties opposing Plaintiff in state court litigation namely, Defendants Johnson and Cardinal. In fact, the complaint also makes apparent that Plaintiff retained her own counsel at these proceedings. Under Ohio law, as a general rule, an attorney is liable to his client alone and not to third parties for negligence in the conduct of his professional duties. *Stoll v. Kennedy*, 562

N.E.2d 821, 822 (Ohio App. Ct. 1987). As Plaintiff's complaint sets forth that Gibson did not represent her in any capacity and, was, in fact counsel for opposing parties, she is unable to show that Gibson owed her any duty when it made the alleged statements. Therefore, Plaintiff fails to state a claim for gross negligence and reckless conduct and this claim should be dismissed against Gibson.

### B. Count II - Violations of 18 U.S.C. § 1028

In her complaint, Plaintiff asserts that Gibson violated the Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028, ("ITADA") by "transferring" her EIN to Defendants Johnson and Cardinal. Gibson argues that Plaintiff fails to state a claim under ITADA because the statute does not provide a private right of action.

Other district courts have determined that ITADA is criminal in nature and provides no private right of action. *See Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F.Supp.2d 932, 937 (E.D. Va. 1998); *Garay v. U.S. Bancorp.*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004). Moreover, the Sixth Circuit has held "where there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)).

ITADA is simply a criminal statute. It contains no provision for a civil remedy. Moreover, Plaintiff fails to demonstrate to the Court through the statutory language, congressional history, or otherwise, that Congress intended that ITADA provide a right of action to civil litigants. Therefore, Plaintiff's civil ITADA claim fails for failure to state a claim and should be dismissed.

### C. Count III - Fraud and Negligent Misrepresentation

#### 1. Failure to Plead with Particularity

In her complaint, Plaintiff alleges that "all defendants" made misrepresentations that identity theft was lawful and that "[f]rom May 12, 2004 to the filing of this Complaint, all defendants . . . uttered to Plaintiff" that their use of her EIN was lawful and their use of it would not harm Plaintiff. Gibson argues that the claim of fraud is not plead with particularity and should be dismissed.

Federal Rule of Civil Procedure 9(b) requires that averments of fraud must be stated with particularity. The Sixth Circuit reads this rule liberally, but nevertheless requires a plaintiff, at a minimum, to allege the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). However, allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made. *Id.* at 162. The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way the plaintiff's claim of fraud. *Id.*; *see also Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984) (holding that "fair notice" requires at a minimum that a plaintiff allege the time, place, and contents of the misrepresentation upon which he or she relied).

In the instant action, the complaint fails to specifically identify who made the alleged misrepresentations. Furthermore, it fails to specifically state the time and place of the utterance of the alleged misrepresentations. Finally, it fails to specify a fraudulent scheme on the part of

-7-

Gibson.  Therefore, the fraud claim is not plead with particularity and should be dismissed.

### 2. Failure to State a Claim

In addition to its argument that Plaintiff failed to plead fraud with particularity, Gibson also asserts that Plaintiff cannot demonstrate all of the elements for either fraud or negligent misrepresentation.

The elements of a fraud action are: "(1) false representation of a material fact; (2) knowledge of or a belief in its falsity by the person making it; (3) belief in its truth by the person to whom it is made; (4) intent that it should be acted upon; and (5) detrimental reliance upon it by the person claiming to have been deceived." *In re Meridia Prod. Liability Lit*., 328 F. Supp.2d 791, 820 (N.D. Ohio 2004).  The elements of negligent misrepresentation generally mirror those of fraud, except that a complainant need not show intent or recklessness on the part of the offending party (scienter).  *Id.*  The Restatement (Second) of Torts identifies a person liable for negligent misrepresentation as "one who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions" and "fails to exercise reasonable care or competence in obtaining or communicating the information." *Id.*

In the instant action, Plaintiff alleges that Gibson made misrepresentations that Defendants' use of her EIN was legal and she would not be liable for any debt or taxes from their use of the EIN.  Although Plaintiff pled in a conclusory fashion that she relied "to her detriment" on Gibson's representation, her other allegations contradict her alleged reliance.  In the complaint, Plaintiff asserts that when the Lake County Court issued the TRO, she believed that the Defendants' use of her EIN violated the IRS code and 18 U.S.C. § 1028.  In fact, she alleges

that she moved the state court for a judicial order preventing Johnson and Cardinal from using the EIN, which was granted. Plaintiff's complaint establishes that Plaintiff believed that Defendants' use of the EIN was unlawful. She therefore cannot show that she relied on Gibson's alleged misrepresentations. Accordingly, the fraud and negligent misrepresentation claims should be dismissed for failure to state a claim.

### D. Count IV - 18. U.S.C. § 1962 (c) and (d)

In Count IV of her complaint, Plaintiff alleges that Gibson, along with its co-defendants, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically 18 U.S.C. § 1962(c) and (d). Gibson asserts that these claims should be dismissed for (1) failure to plead fraud with particularity, and (2) failure to state a claim.

#### 1. Failure to Plead with Particularity

Much like the common law fraud claim, Gibson asserts that Plaintiff's claim pursuant to 18 U.S.C. § 1962(c), is not plead with particularity in accordance with Fed. R. Civ. P. 9(b).

To demonstrate a violation of § 1962(c), a Plaintiff must set forth the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). In order to establish 'racketeering activity' Plaintiffs must allege a predicate act under 18 U.S.C. § 1961(1). *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir. 1996). "'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. § 1341 which makes mail fraud a criminal offense, and 18 U.S.C. § 1343, which makes wire fraud a crime." *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986). In the instant action, Plaintiff alleges Gibson, along with

the other Defendants, engaged in mail and wire fraud.

If fraud is the basis for a civil RICO matter, the pleading is governed by Rule 9(b). *See Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992) (RICO action dismissed for failure to plead with particularity required by Fed. R. Civ. P. 9(b)). "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact . . . ." *Blount Fin. Servs., Inc., v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987). As to the level of specificity required, "a RICO plaintiff 'must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud.'" *Goren v. New Vision Int'l,* 156 F.3d 721, 726 (7th Cir. 1998) (quoting *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)).

In the instant action, Plaintiff's complaint lacks any specificity with regard to allegations of wire and/or mail fraud. Plaintiff's allegations regarding such alleged fraud are limited to the following:

> From May 12, 2004 up to and including the date of the filing of this Complaint . . . all Defendants . . . were engaged in joint conduct in the intentional and purposeful transmittal by mail and by wire in interstate or foreign commerce false of [sic] fraudulent writings regarding the use of Plaintiff's Employer Identification Number . . . .
>
> All Defendants . . . participated in the conduct of the enterprise affairs through a pattern of racketeering activity . . . . Said pattern of racketeering activity included and includes, but was not limited to, the preparation, publication, dissemination, and transmittal of information by U.S. Mail and by wire and other media, which falsely represented that it was proper to use Plaintiff's Employer Identification Number . . . .
>
> Aside from these conclusory allegations of RICO violations, Plaintiff has not revealed:

-10-

the dates of the writings, the person who made the writings, or the specific contents of the writings.  Accordingly, Plaintiff's claim for violation of 18 U.S.C. § 1962(c) should be dismissed for failure to plead with particularity.

### 2. Failure to State a Claim

#### a. 18 U.S.C. § 1962(c)

In addition to asserting that Plaintiff's § 1962(c) claim fails for failure to plead with particularity, Gibson asserts that it fails for failure to state a claim.  Specifically, Gibson maintains that Plaintiff fails to allege: (1) the existence of a factually distinct person and enterprise; and (2) that Gibson participated in the operation or management of an enterprise engaged in racketeering activity.

Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  To be liable under § 1962(c), a person must participate in the "operation or management" of the corrupt enterprise's affairs.  *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).  A "person" conducting or participating in an enterprise's affairs cannot simultaneously serve as the "enterprise."  *See Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1489 (6th Cir. 1989) (holding that the plaintiff must identify the person separate from the entity).

In the instant action, Plaintiff claims all Defendants collectively constituted an enterprise.  Yet, she alleges that all Defendants were employed or associated with an enterprise and participated in the conduct of the enterprise's affairs.  Clearly, Plaintiff has not identified a person separate from an enterprise.  *See Puckett*, 889 F.2d at 1489.

-11-

Assuming *arguendo* that Plaintiff has shown that Gibson is a separate entity from the alleged enterprise, Plaintiff's complaint fails to allege that Gibson participated in the operation or management of the enterprise.  In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs.  *Reves*, 507 U.S. at 179.

Gibson relies on *Javitch v. Capwill*, 284 F. Supp.2d 848 (N.D. Ohio 2003) to support its proposition that Plaintiff's complaint at best merely alleges that Gibson performed services for the alleged enterprise rather than participated in its operation or management.  In *Jatvich*, pursuant to § 1962(c), the plaintiff sued a corporate insider, who allegedly diverted corporate assets for his own use, and a securities brokerage firm, which allegedly laundered the corporate insider's money through its accounts.  In dismissing the claims as a matter of law against the firm, the Court found that the plaintiff alleged only that the firm performed services for the individual, and that the firm's conduct did not amount to control or direction.  *Id.* at 854.   The Court stated, "Even assuming [the securities brokerage firm] turned its head to [the corporate insider's] activities, '[s]imply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, it is not enough to subject an individual to RICO liability under 1962(c).'" *Id.* (quoting *U.S. v. Swan*, 205 F.2d 495, 499 (7th Cir. 2001) (quoting *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998))).

Similarly, Plaintiff's complaint contains no allegations upon which to claim that Gibson's conduct amounts to control or direction of any enterprise.  She does not allege any facts showing that Gibson operated or managed the enterprise, participated in its operation or management or played some part in directing in the enterprise's affairs.  Plaintiff alleges only that Gibson

-12-

represented Cardinal and Johnson and received legal fees from income derived through racketeering activity. These allegations are insufficient to establish participation under the *Reves* test. *See Javitch*, 284 F. Supp.2d at 854; *see also U.S. v. Swan*, 250 F.3d 495, 499 (7th Cir. 2001). Accordingly, in addition to Plaintiff's § 1962(c) claim being dismissed against Gibson for failure to plead with particularity, it is also dismissed for failure to state a claim.

### b. 18 U.S.C. § 1962(d)

Plaintiff also alleges a violation under 18 U.S.C.§ 1962(d). This section provides that it is unlawful for any person to conspire to violate 1962(a), (b), or (c). A conspiracy claim under § 1962(d) cannot survive a motion to dismiss if the pleadings do not also state a substantive RICO claim for which relief may be granted. *See Craigshead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1989) ("Plaintiffs' conspiracy claim cannot stand in light of the dismissal of their other RICO counts.")

In the instant action, Plaintiff's substantive RICO claims under §§ 1962(a) and (c) fail for the reasons stated in Sections IV.D.1 and IV.D.2.a. *supra* and IV.E. *infra* of this Order. Therefore, Plaintiff's conspiracy claim under § 1962(d) is dismissed.

### E. Count V - 18 U.S.C. § 1962 (a)

In addition to asserting RICO claims under 18 U.S.C. §§ 1962(c) and (d) in Count IV, Plaintiff also asserts a RICO claim under § 1962(a) in Count V. Gibson asserts that Plaintiff's § 1962(a) claim should be dismissed as a matter of law because Plaintiff fails to allege any separate and distinct injury arising from Gibson's use or investment of income in a racketeering activity. Title 18 U.S.C. § 1962(a) provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity. . . to use or invest, directly or

>indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise . . . .

In order to state a claim under § 1962(a), a plaintiff must plead a specific injury to the plaintiff caused by the investment of income into the racketeering enterprise, distinct from any injuries caused by the predicate acts of racketeering. *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir. 1994).

In the instant action, Plaintiff alleges only that her injuries resulted from Gibson's alleged misrepresentations. Although she also alleges that Gibson received proceeds from racketeering in the form of legal fees paid by Johnson and Cardinal, she fails to allege any injury as a result. Thus, she fails to state a claim pursuant to § 1962(a). *See Vemco*, 23 F.3d at 132; *see also Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 494 (6th Cir. 1990) (dismissing a § 1962(a) claim when plaintiffs alleged "only injuries traceable to the alleged predicate acts"). Accordingly, this claim is dismissed.

### F.  Count VI - Unjust Enrichment

In Count VI of her complaint, Plaintiff alleges that Gibson was unjustly enriched by "fraudulently convert[ing] Plaintiff's [EIN] to [its] own use, for monetary gain and benefit." Gibson asserts this claim should be dismissed because plaintiff fails to allege she conferred a benefit upon Gibson.

A claim for unjust enrichment requires that a plaintiff demonstrate: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant accepted/appreciated the benefit conferred; and (3) the defendant's acceptance of the benefit without compensation for its value would, under the circumstances, be inequitable. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). "A plaintiff seeking recovery under a theory of unjust enrichment must

-14-

also establish that he has incurred a substantial detriment.  It is the existence of a substantial detriment to the plaintiff, causally connected to a substantial benefit to the defendant, that makes it inequitable for the defendant to retain the benefit at the plaintiff's expense, even though there is no contract between them."  *Gaier v. Midwestern Group*, 601 N.E.2d 624, 627 (1991).

In the instant action, Plaintiff has not alleged that she conferred a benefit on Gibson.  Plaintiff alleges only that Gibson received legal fees from racketeering activity.  Plaintiff's allegation establishes that Gibson performed legal services for Johnson and Cardinal and was paid as a result.  Accordingly, this claim against Gibson is dismissed.

### G. Count VII - Violation of 5 U.S.C. § 552 or 552a

In Count VII, Plaintiff alleges that Gibson violated her rights under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") or under the Federal Privacy Act, 5 U.S.C § 552a ("Privacy Act").[1]  Both statutes regulate federal agencies.  Neither FOIA or the Privacy Act provide for a civil cause of action against a private party.  *Schmitt v. City of Detroit*, 395 F.3d 327, 329 (6th Cir. 2005); *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1983).  As Plaintiff has failed to allege that Gibson is a federal government entity, this claim is dismissed.

### H. Count VIII - Outrageous Conduct/Punitive Damages

In Count VIII, Plaintiff alleges that "the acts and omissions of all Defendants were outrageous, willful, wanton, and in reckless disregard to financial health and well-being of Plaintiff's business or individual welfare as to entitle her to punitive damages."  The Court

---

[1] It is unclear from Plaintiff's complaint which provision she is trying to invoke because she cites the name of the Federal Privacy Act with the statutory citation of FOIA.

construes this claim as one for intentional infliction of emotional distress.[2]

In order to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following: "(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable man could be expected to endure it." *Burkes v. Stidham*, 668 N.E.2d 982  (Ohio App. Ct.1995); *see also Phung v. Waste Mgt., Inc.*, 644 N.E.2d 286, 289 (Ohio 1994).

Plaintiff's claim fails as a matter of law.  First, she fails to allege that she suffered serious emotional distress from Gibson's conduct. *See Roe v. Franklin County*, 673 N.E.2d 172 (Ohio App. Ct.1996) (dismissing intentional infliction of emotional distress claim due to the plaintiff's failure to allege in the complaint that he is debilitated as a result of defendants' conduct or that he suffers from a mental or emotional condition sufficient to constitute serious emotional distress).  In the instant case, Plaintiff's allegations of suffering were limited strictly to the financial well-being of her business.

Second, the allegation that Gibson represented that the Defendants' alleged use of the EIN was lawful does not rise to the level of extreme and outrageous conduct required for a claim of intentional infliction of emotional distress. *See Pollack v. Rashid*, 690 N.E.2d 903 (Ohio App.

---

[2]Intentional infliction of emotional distress and outrageous conduct are different names of the same cause of action. *See Moorehead v. J.C. Penney Co., Inc*., 555 S.W. 2d 713, 717 (Tenn. 1977).

-16-

Ct. 1996) (dismissing claim alleged in the complaint because it was not, as a matter of law, extreme or outrageous).  To recover for intentional infliction of emotional distress, Ohio law requires that a defendant's conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Yeager v. Local Union 20*, 453 N.E.2d 666, 670 (Ohio 1983).

In the instant case, Plaintiff's alleged injuries arise from Gibson's statements that Johnson's and Cardinal's use of the EIN was legal.  Such a statement is not outrageous, as a matter of law, particularly, when viewed in the context that Gibson was advocating its client's position and in light of the Lake County Court's issuance of a TRO requiring Plaintiff to relinquish the EIN to Gibson's clients.  Therefore, Plaintiff's claim for Outrageous Conduct and Punitive Damages is dismissed.

**I.     Miscellaneous Claims**

In addition to the claims set forth as specific counts discussed *supra*, in her prayer for relief, Plaintiff requests the Court prevent and restrain further violations of 18 U.S.C.§§ 371, 1028, 1341,1343, 1957, 1961, 1962, and 1964, 26 U.S.C. § 7206(1) and 28 U.S.C. §§ 1331, 1332, 1339, and 1341.  However, plaintiff fails to state a claim under these statutes.

Title 28 U.S.C. §§ 1331, 1332, 1339, and 1341 are solely jurisdictional statutes and therefore, provide no basis for a cause of action.

In addition, 18 U.S.C. §§ 1341 and 1343 (federal mail and wire fraud), 18 U.S.C. § 371 (criminal conspiracy), 18 U.S.C. § 1957 (money laundering), 18 U.S.C. § 1028 (identity theft), and 26 U.S.C. § 7206(1) (fraud and false statements under the Internal Revenue Code) are

criminal statutes, which grant no explicit private right of action. As stated previously in this Memorandum of Opinion, "where there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)). Plaintiff makes no attempt to demonstrate that Congress intended that these bare criminal statutes provide a right of action to civil litigants.

Finally, Plaintiff's RICO claims pursuant to 18 U.S.C. §§1961, 1962, and 1964 fail for the reasons stated in Sections IV.D. and IV.E. *supra*.

Therefore, Plaintiff's miscellaneous claims included in her prayer for relief are dismissed for failure to state a claim.

### V.  CONCLUSION

As Plaintiff previously was allowed leave to amend her Complaint to correct the pleading deficiencies that involved these same issues and failed to do so (Doc. No. 168), these claims are dismissed with prejudice.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE

Date: September 7, 2006