# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LUCAS-COOPER, | ) | CASE NO:    1:05-cv-00959 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| PALMETTO GBA *et al*, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION** |

On more than one occasion, this Court has warned Plaintiff that if she does not comply with the Court's orders, her claims may be dismissed with prejudice.   Plaintiff has repeatedly failed to comply with the Court's orders.  For the reasons set forth below, Plaintiff's claims against Defendant Johnson are dismissed for failure to comply with the Court's orders and failure to prosecute.

On April 13, 2005, Plaintiff filed a Complaint alleging that eleven Defendants, Palmetto GBA ("Palmetto"), Blue Cross & Blue Shield of South Carolina ("Blue Cross"), Vincent B. Johnson ("Johnson"), Cardinal Home Health Care, LTD ("Cardinal"), Charter One Bank ("Charter One"), Citizens Financial Group ("Citizens"), Royal Bank of Scotland PLC ("Royal Bank"), Ohio Dept. Of Job and Family Services ("ODJFS"), the Veterans Administration ("VA"), Taft, Stettinius & Hollister, LLP ("Taft"), and Gibson, Brelo, Ziccarelli & Martello ("Gibson") unlawfully used her Employer Identification Number ("EIN").  The Complaint has been dismissed in its entirety against all defendants except Johnson, Charter One, and Citizens.

Charter One and Citizens have filed a Motion for Summary Judgment and a Motion to Dismiss for Want of Subject Matter Jurisdiction.  As against Johnson, the Court has dismissed all claims except the following state law claims: (I) gross negligence and reckless conduct; (VI) unjust enrichment; and (VIII) outrageous conduct or punitive damages.

For some time, this Court has been concerned that Plaintiff has pursued the instant action against Defendant Johnson and other defendants for improper motives.  (Doc. No. 115 at 1-2; Doc. No. 168 at 12.)   Plaintiff's actions evidence that she has been using the legal process for the purpose of harassing Defendant Johnson.  Moreover, the Court has, on more than one occasion, warned Plaintiff that if she does not comply with the Court's orders, the Court may impose sanctions, including dismissal of her claims with prejudice.  (Doc. No. 115 at 4; Doc. No. 153; Doc. No. 168 at 14; Doc. No. 191 at 2.)  Plaintiff has repeatedly and flagrantly failed to comply with the Court's orders.  (Doc. No. 168 at 7-14; *see also* discussion *infra*.)

On June 7, 2006, the Court's Clerk attempted to contact Plaintiff by telephone to notify Plaintiff  that a motion she filed had been denied.  The Clerk was unable to reach Plaintiff because the telephone number Plaintiff provided the Court was incorrect.  In an Order dated June 8, 2006, the Court ordered Plaintiff to file a notice of any change in her address and phone number.  (Doc. No. 153.)  The Court expressly notified Plaintiff that "[f]ailure to do so could result in the dismissal of her complaint."  *Id*.

On August 4, 2006, the Court, at Plaintiff's request and demand, ordered Defendant Johnson to produce documents to Plaintiff.  The Court also ordered Plaintiff to remit payment of costs (valued at 10 cents per page) within three days of receipt of the documents.

On September 6, 2006, Defendant Johnson filed a motion seeking payment of costs for the production of documents after Plaintiff did not accept delivery of the documents she requested.  (Doc. No. 187.)   Plaintiff did not respond to the motion.

On October 5, 2006, this Court issued an Order and Notice in which it ordered Plaintiff to pay Defendant Johnson $482.10 for the cost of copying the documents requested by Plaintiff, plus $30.80 for postage and to file evidence of payment as well as a sworn statement that she complied with the order on or before October 19, 2006.  (Doc. No. 191 at 2.)   In the same document, the Court notified Plaintiff that if she failed to comply with the order, a show-cause hearing would be held on October 23, 2006, at which time Plaintiff could show cause as to why the Court should not impose sanctions.

The Order and Notice expressly required Plaintiff to attend the hearing and notified her as follows:  "Plaintiff is hereby given notice that if she fails to comply with this Order, sanctions may include, without limitation, a dismissal with prejudice of all her claims against Defendant Johnson."  (Doc. No. 191 at 2.)   The Court's deputy promptly mailed a copy of the Order and Notice to the last address provided by Plaintiff.

Plaintiff subsequently failed to comply with the order to pay Johnson the costs of production of the documents.  Plaintiff failed to file evidence of payment or a sworn statement that she complied with the order.

On October 23, 2006, Plaintiff failed to appear at the show cause hearing.  The Court's deputy attempted to contact Plaintiff by telephone at the numbers most recently provided by Plaintiff, but those telephone numbers are no longer in service.  The deputy also unsuccessfully attempted to reach Plaintiff at a number Plaintiff had previously provided to the Court.

The Court finds that Plaintiff violated its June 8, 2006 Order requiring Plaintiff to keep the Court apprised of any change in her contact information.

The Court appreciates that "dismissal of a claim for failure to prosecute 'is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614-615 (6th Cir. 1998) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). Nonetheless, under the circumstances, the Court finds that dismissal of Plaintiff's claims against Johnson is warranted.

Plaintiff's conduct in repeatedly failing to comply with the Court's orders indicates bad faith or, at a minimum, a reckless disregard for the effect of her conduct on the proceedings.[1] Plaintiff failed to accept the discovery documents after Defendant Johnson produced them pursuant to the Court's order, and upon Plaintiff's request and demand.  Plaintiff then failed to comply with the Court's order to pay Johnson the costs of production.  Next, Plaintiff failed to appear at the show cause hearing, as ordered to do so on October 5, 2006.   Furthermore, the Court was unable to contact Plaintiff on the day of the hearing because Plaintiff failed to provide the Court with her current contact information, as ordered to do so on January 8, 2006.  This pattern of flagrant non-compliance with the Court's orders evidences bad faith and willfulness. At a minimum, Plaintiff's conduct reflects a reckless disregard for the effect of her conduct on the Court proceedings.

---

[1]Plaintiff also failed to comply with the Court's directive in attempting to file a second amended complaint.  (*See* Doc. No. 115 at 2-5; Doc. No. 168 at 7-14.)

4

Further, Plaintiff's conduct has prejudiced Defendant Johnson. Plaintiff's failure to accept the documents evidences a motive to improperly harass and burden Defendant Johnson through the use of discovery. Defendant Johnson expended time, effort, and money in timely complying with the Court's order to produce documents to Plaintiff. Because of Plaintiff's non-compliance with the Court's order to pay costs, Johnson has not been compensated for the costs he incurred.

Another factor justifying the sanction of dismissal in this case is that Plaintiff was given fair notice that her claims would be dismissed if she failed to comply with the Court's orders. Both the Order issued June 8, 2006 (Doc. No. 153) and the Order and Notice issued October 5, 2006 (Doc. No. 191) expressly provide that failure to comply may result in dismissal. Furthermore, Plaintiff was granted an opportunity to show cause why sanctions should not be imposed, but she failed to appear at the October 23rd hearing. The Court has given Plaintiff fair warning of the sanction of dismissal and an opportunity to show cause, but Plaintiff has failed to respond.

Finally, the Court finds that Plaintiff's conduct amounts "to a failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001). As Plaintiff has repeatedly refused to comply with the Court's orders, has declined to take advantage of the opportunity to explain her conduct, and has created a situation in which the Court is unable to contact her, no adequate alternative sanction is available to protect the integrity of the pretrial process and to protect Defendant Johnson's interest in not being harassed by means of legal process.

5

For the foregoing reasons, Plaintiff's claims against Johnson are dismissed with prejudice.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE

Date: October 25, 2006

6