**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LUCAS-COOPER, | ) | CASE NO:    1:05-cv-00959 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| PALMETTO GBA *et al*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

Defendants Charter One Bank and Citizens Financial Group filed a Motion For Summary

Judgment on August 31, 2006 (Doc. No. 186).  Plaintiff has not filed a response.  For the reasons

set forth in detail below, the motion is **GRANTED**.  All claims against Charter One Bank and

Citizens Financial Group are dismissed.

**I.  Procedural History**

On April 13, 2005, Plaintiff filed a Complaint alleging that eleven Defendants, Palmetto

GBA ("Palmetto"), Blue Cross & Blue Shield of South Carolina ("Blue Cross"), Vincent B.

Johnson ("Johnson"), Cardinal Home Health Care, LTD ("Cardinal"), Charter One Bank

("Charter One"), Citizens Financial Group ("Citizens"), Royal Bank of Scotland PLC ("Royal

Bank"), Ohio Dept. Of Job and Family Services ("ODJFS"), the Veterans Administration

("VA"), Taft, Stettinius & Hollister, LLP ("Taft"), and Gibson, Brelo, Ziccarelli & Martello

("Gibson") unlawfully used her Employer Identification Number ("EIN").  Plaintiff included the

following claims against the Defendants: (I) gross negligence and reckless conduct; (II)

violations of 18 U.S.C. § 1028; (III) fraud and negligent misrepresentation; (IV) violations of 18

U.S.C. § 1962(c) and (d); (V) violations of 18 U.S.C. § 1962(a); (VI) unjust enrichment; (VII)

violations of 5 U.S.C.§ 552 or 552a; and (VIII) outrageous conduct or punitive damages.

The Complaint has been dismissed in its entirety as against all defendants except

Johnson[1], Charter One, and Citizens.  As against Charter One and Citizens (collectively "the

U.S. banks"), only the following counts remain: (I) gross negligence and reckless conduct; (III)

fraud and negligent misrepresentation; (IV) violations of 18 U.S.C. 1962(c) and (d); (V)

violations of 18 U.S.C. 1962(a); (VI) unjust enrichment; and (VIII) outrageous conduct or

punitive damages.

On August 3, 2006, the Court held a status conference to discuss remaining discovery

and summary judgment issues between Plaintiff and the U.S. banks.  On August 4, 2006, the

Court ordered the U.S. banks to file their Motion for Summary Judgment by August 31, 2006,

Lucas-Cooper to file a response by September 28, 2006, and the U.S. banks to file their reply by

October 12, 2006.

The U.S. banks have timely filed their Motion for Summary Judgment, in which they also

move to dismiss several claims for failure to plead with particularity and failure to state a claim.

Plaintiff has not filed a response or a brief in opposition.

## II.  Factual Background

Plaintiff's claims arise out of the alleged unauthorized  use of an Employer Identification

Number ("EIN").   Specifically, Plaintiff claims that Defendants Johnson, her former business

partner, and Cardinal One Healthcare, her former company, used Plaintiff's EIN to receive

---

[1]By order issued this date, this Court dismissed all of Plaintiff's claims against
Johnson with prejudice.

funds.

Plaintiff is the founder and president of Cardinal, a provider of home health care services. Upon the creation of Cardinal, Plaintiff applied for an EIN from the Internal Revenue Service ("IRS").  Because Plaintiff indicated in her application that Cardinal was a sole proprietorship, the IRS issued an EIN based upon Plaintiff's social security number.

As president of Cardinal, Plaintiff established three business bank accounts ("Cardinal Accounts") at Charter One, a wholly owned subsidiary of Citizens.  Subsequently, Defendant Johnson became a partner at Cardinal.  In May 2003, Plaintiff and Johnson completed a Small Business Online Banking Enrollment Request form at Charter One, requesting that Charter One provide both of them with online access to the Cardinal Accounts, including use of the same password to access the account.

In February 2004, Plaintiff executed a second request to have all of her personal and business accounts, including the Cardinal Accounts, linked electronically.  Plaintiff did not change the password needed for electronic access and as a result, Johnson was able to access all of Plaintiff's accounts, including her personal accounts.  Soon thereafter, Plaintiff and Johnson exchanged accusations regarding mismanagement of Cardinal.

On May 6, 2004, Johnson and Cardinal filed suit against Plaintiff in the Lake County, Ohio Court of Common Pleas, captioned *Cardinal Home Health Care, Ltd. and Vincent B. Johnson v. Eva Lucas Cooper aka Eva S. Lucas*, Case No. 04CV000904 ("Lake County Litigation I").  Johnson and Cardinal alleged that Plaintiff fraudulently took funds and property of Cardinal, in excess of $300,000, for personal use and engaged in serious mismanagement of Cardinal.

On May 12, 2004, Johnson and Cardinal received a temporary restraining order ("TRO") that the Lake County Court extended numerous times and eventually vacated on February 24, 2005 when the parties submitted a settlement agreement to the Court.  The TRO directed Plaintiff to relinquish control of Cardinal and recognized Defendant Johnson as the sole authorized owner and/or representative of Cardinal for all purposes, including billing. Additionally, the TRO prohibited Charter One from allowing Plaintiff access to or control of the Cardinal Accounts.

 Plaintiff alleges that after the Lake County Court issued the TRO, she asked all Defendants to cease using the EIN that was issued under her social security number. Specifically, Plaintiff contacted Charter One and requested that it change the EIN on the Cardinal Accounts.  As the TRO prohibited Charter One from allowing Plaintiff to have any control over the accounts, Charter One ignored Plaintiff's request.

On August 23, 2004, Plaintiff, acting *pro se*, filed a motion for injunctive relief with the Lake County Court of Common Pleas, seeking to prohibit Johnson and Cardinal from using the EIN.  On August 26, 2004,  the court granted Plaintiff's motion and ordered Johnson and Cardinal to stop using the EIN by September 1, 2004.

Johnson and Cardinal continued to use the EIN after September 1, 2004.  Plaintiff filed numerous motions for contempt against Johnson, Cardinal, and Charter One, alleging that they violated the court's order by not removing the EIN from the Cardinal Accounts.  The court found Johnson in contempt for continuing to use the EIN to receive deposits from Palmetto, but refused to hold Charter One in contempt because the order was directed at Johnson and Cardinal, not at Charter One.

-4-

In response to being prohibited from operating Cardinal, Plaintiff filed her own lawsuit in Lake County, on August 12, 2004, naming Charter One as a defendant.  The lawsuit, captioned *Eva Lucas v. Vincent Johnson, et. al.*, Case No. 04CV001632 ("Lake County Litigation II"), alleged negligence, fraud, unjust enrichment, violations of RICO and a number of other claims. Plaintiff specifically alleged that Charter One allowed Johnson to steal $45,000 from one of the Cardinal accounts, allowed Johnson to transfer $15,000 from other accounts belonging to Plaintiff in an attempt to conceal the theft, and secretly linked Plaintiff's accounts together for purposes of on-line banking.

In Lake County Litigation II, Charter One filed a motion for summary judgment in which it argued that it was not liable for Johnson's alleged theft because Plaintiff had given Johnson access to all of the accounts when she requested that Charter One link the accounts electronically.  The court granted summary judgment in favor of Charter One.

While Lake County Litigation II was still pending, Plaintiff filed the Complaint in this Court, specifically alleging the following against Charter One:

- "Plaintiff informed co-defendant Charter One Bank to close all of Plaintiff's banking accounts . . . but Charter One Bank refused to close the accounts, or remove Plaintiff's [EIN]."

- "Charter One Bank intentionally and recklessly, permitted, and assisted, the fraudulent Electronic Transmission of Funds, from co-defendants . . . using Plaintiff's [EIN]; and said bank materially participated, conspired, assisted, encouraged, aided and abetted co-defendants Cardinal and Vincent B. Johnson to receive money using Plaintiff's [EIN]."

- Charter One "represented to the Lake County Court of Common Pleas that it had removed Plaintiff's [EIN] from the bank accounts through which funds were being electronically deposited from co-defendants Palmetto GBA, Ohio Department of Job and Family Services, Veterans Administration, and other unknown confederates."

- Charter One "continued to materially participate, assist, encourage, conspire, aid,

-5-

otherwise abet co-defendants Vincent B. Johnson and Cardinal Home Health Care Ltd., and other co-defendants in the unlawful, misleading and fraudulent use of Plaintiff's [EIN]; and thus prevented Plaintiff from operating her home healthcare business, exposed her to tax liabilities, and affected interstate commerce."

-    Charter One's  use of the EIN "resulted in its unjust enrichment resulting from processing, money laundering, and wire transferring, of funds from co-defendants."

With regard to Citizens, the Complaint simply alleges that it is liable under theories of joint liability, corporate liability and *respondeat superior.*

### III.  Legal Standards

While the U.S. banks' motion is entitled "Motion for Summary Judgment," the U.S. banks also seek dismissal of several claims for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6).  Before analyzing the arguments as to each count, the Court sets forth the relevant standards.

### A.  Summary Judgment Under Fed. R. Civ. P. 56

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.   The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may rely on depositions, answers to interrogatories, and the like, to demonstrate that the non-moving party has no evidence to prove his case and hence that there can be no factual dispute.  *Id.* at 328 (White, J., concurring).  However, "it is not enough to move for summary judgment ... with a conclusory

-6-

assertion that the [non-moving party] has no evidence to prove his case." *Id.*

Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence, specific facts showing that there is a genuine issue for trial. *See Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995). The trial court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). That is, the nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely. *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) *citing In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). The lack of such a response by the nonmoving party may result in an automatic grant of summary judgment. *See Reeves v. Fox Television Network*, 983 F. Supp. 703, 709 (N.D. Ohio 1997).

In assessing the merits of the motion, a Court should "draw all reasonable inferences in favor of the nonmoving party." *Joostberns v. United Parcel Servs., Inc.*, 2006 U.S. App. LEXIS 533 at *8 (6th Cir. 2006). In addition, the Court "does not weigh the evidence or make credibility determinations." *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986). In other words, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251.

### B.  Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant.  *See Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### IV.  Analysis

### A.  Count I - Gross Negligence and Reckless Conduct

The U.S. banks assert that Plaintiff has failed to identify what, if any, duty Charter One owed her.  They further assert that if the basis for Plaintiff's negligence claim is Charter One's refusal to close the Cardinal Accounts or remove the EIN from the accounts to prevent funds from being deposited in them, her claim must fail as a matter of law and the U.S. banks are entitled to summary judgment.

The *prima facie* elements of a negligence claim under Ohio law are: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach of that duty proximately caused the plaintiff's injury.  *Chambers v. St. Mary's Sch.,* 697 N.E.2d 198, 200

-8-

(Ohio 1998).  Gross negligence is the "failure to exercise any or very slight care" and "has been described as a failure to exercise even that care which a careless person would use."  *Thompson Elec., Inc. v. Bank One, Akron, N.A.*, 525 N.E.2d 761, 768 (Ohio 1988).  "Recklessness" is defined as:

> The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that is conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Thompson v. McNeill*, 559 N.E.2d 705, 708 (Ohio1990) (quoting  2 RESTATEMENT OF THE LAW 2D, TORTS (1965) at 587, Section 500).

In the instant case, although Plaintiff does not set forth or allege what specific duty Charter One owed her, the Court assumes that Charter One was under a duty to conduct its banking services with reasonable care so as not to injure its clients, including Plaintiff. Nonetheless, Plaintiff has failed to present any evidence creating a genuine issue as to whether Charter One breached that duty.

Plaintiff alleges that Charter One was grossly negligent and reckless in failing to:  require Johnson to get his own EIN, possess the skills needed regarding the use of a third party's EIN, and stop payments made to Cardinal and dismantle the electronic funds transfer system.  Plaintiff alleges that the conduct about which she complains occurred from May 12, 2004 through April 13, 2005, the date of the Complaint in this case.

Plaintiff has not provided any evidence that Charter One breached its duty of care during the period it was under the TRO issued in Lake County Litigation I.  The TRO barred Plaintiff from accessing or controlling the Cardinal Accounts from May 10, 2004 until February 24, 2005,

-9-

and expressly prohibited Charter One from allowing Plaintiff any control over the Cardinal Accounts.  Charter One would have had to violate the TRO to comply with Plaintiff's requests to remove her EIN and close the Cardinal Accounts because it would have been allowing her to control the accounts.  Although the Court of Common Pleas ordered Johnson to remove the EIN by September 1, 2004, and later found Johnson in contempt for failing to do so, the journal entry from that date indicates that Charter One did not disobey the injunction because the injunction was not directed at Charter One.

Plaintiff has also failed to produce evidence that would support her allegations that Charter One was negligent or reckless from the date the TRO was vacated, February 24, 2005, until the date of the Complaint, April 13, 2005.  A journal entry on the docket of Lake County Litigation I  indicates that the Court of Common Pleas found Johnson had "ceased using [Plaintiff's EIN] as required by [the court's] order of February 8, 2005."

The evidence submitted by the U.S. banks demonstrates that at all times relevant to the Complaint, Charter One acted with due care in its handling of the Cardinal Accounts, and Plaintiff presents no evidence in response to the U.S. banks' motion.  As the bare allegations contained in Plaintiff's Complaint are not sufficient to overcome the U.S. banks' evidence, the Court finds there is no genuine issue of fact as to the issue of negligence or recklessness. Therefore, the Court grants summary judgment in favor of the U.S. banks on this claim.

### B.  Count III - Fraud and Negligent Misrepresentation

#### 1.  Failure to Plead with Particularity

In her complaint, Plaintiff alleges that "all defendants" made misrepresentations that identity theft was lawful and that "[f]rom May 12, 2004 to the filing of this Complaint, all

-10-

defendants . . . uttered to Plaintiff" that their use of her EIN was lawful and their use of it would not harm Plaintiff.  These allegations form the basis of Plaintiff's fraud and negligent misrepresentation claims.  The U.S. banks argue that the claim of fraud is not plead with particularity and should be dismissed.

Federal Rule of Civil Procedure 9(b) requires that averments of fraud must be stated with particularity.  The Sixth Circuit reads this rule liberally, but nevertheless requires a plaintiff, at a minimum, to allege the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.  *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).  Allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.  *Id.* at 162.  The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way the plaintiff's claim of fraud.  *Id.*; *see also Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984) (holding that "fair notice" requires at a minimum that a plaintiff allege the time, place, and contents of the misrepresentation upon which he or she relied).

In the instant action, Plaintiff's Complaint fails to specify who made the alleged misrepresentations, the time and place of the utterance of the alleged misrepresentations, and a fraudulent scheme on the part of Charter One.  As the fraud claim against the U.S. banks is not plead with particularity, it is dismissed.

### 2.  Failure to State a Claim

In addition to its argument that Plaintiff failed to plead fraud with particularity, the U.S.

-11-

banks assert that Plaintiff cannot demonstrate all of the elements for either fraud or negligent misrepresentation.

The elements of a fraud action are: "(1) false representation of a material fact; (2) knowledge of or a belief in its falsity by the person making it; (3) belief in its truth by the person to whom it is made; (4) intent that it should be acted upon; and (5) detrimental reliance upon it by the person claiming to have been deceived." *In re Meridia Prod. Liability Lit.*, 328 F. Supp.2d 791, 820 (N.D. Ohio 2004).   The elements of negligent misrepresentation generally mirror those of fraud, except that a complainant need not show intent or recklessness on the part of the offending party (scienter).  *Id.*  The Restatement (Second) of Torts identifies a person liable for negligent misrepresentation as "one who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions" and "fails to exercise reasonable care or competence in obtaining or communicating the information." *Id.*

In the instant action, Plaintiff alleges that Charter One made misrepresentations that Defendants' use of her EIN was legal and she would not be liable for any debt or taxes from their use of the EIN.  Although Plaintiff plead in a conclusory fashion that she relied "to her detriment" on Charter One's representations, her other allegations contradict her alleged reliance.  Plaintiff's Complaint alleges that when the Lake County Court of Common Pleas issued the TRO, Plaintiff believed "and brought to the attention of all the Defendants" that the Defendants' use of her EIN violated the IRS code and 18 U.S.C. § 1028.  In fact, she alleges that she moved the state court for a judicial order preventing Johnson and Cardinal from using the EIN, and that the motion was granted.  Plaintiff's Complaint establishes that Plaintiff believed

-12-

Defendants' use of the EIN was unlawful.  She therefore cannot show that she believed in the truth of or relied on the alleged misrepresentations.  Accordingly, the fraud and negligent misrepresentation claims against the U.S. banks are dismissed for failure to state a claim.

### C.  Count VI - Unjust Enrichment

In Count VI of her Complaint, Plaintiff alleges that Charter One was unjustly enriched by "fraudulently convert[ing] Plaintiff's [EIN] to [its] own use, for monetary gain and benefit."  The U.S. banks argue they are entitled to summary judgment on this claim because 1) Plaintiff did not confer a substantial benefit on Charter One and 2) assuming Plaintiff did confer a substantial benefit on Charter One, it was not unjust because any causal connection between the substantial benefit conferred on Charter One and Plaintiff's detriment was broken by Plaintiff's act of granting Johnson access to the Cardinal Accounts.

A claim for unjust enrichment requires that a plaintiff demonstrate: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant accepted/appreciated the benefit conferred; and (3) the defendant's acceptance of the benefit without compensation for its value would, under the circumstances, be inequitable.  *Hambleton v. R.G. Barry Corp*., 465 N.E.2d 1298, 1302 (Ohio 1984).  The third element requires that "[a] plaintiff seeking recovery under a theory of unjust enrichment must also establish that he has incurred a substantial detriment.  It is the existence of a substantial detriment to the plaintiff, causally connected to a substantial benefit to the defendant, that makes it inequitable for the defendant to retain the benefit at the plaintiff's expense, even though there is no contract between them."  *Gaier v. Midwestern Group*, 601 N.E.2d 624, 627 (Ohio Ct. App. 1991).  Where a plaintiff is responsible for its own substantial detriment, the causal connection is broken.  *U.S. Health Practices v. Blake*, Case No. 00Ap-

-13-

1002, 2001 WL 277291, at *2 (Ohio Ct. App. March 22, 2001).

Plaintiff has produced no evidence to support an unjust enrichment claim against Charter One.  The Complaint alleges that the "defendants" fraudulent use of her EIN to conduct transactions in excess of 1.5 million dollars unjustifiably enriched Charter One and substantially impoverished Plaintiff.  Plaintiff has not alleged what benefit Charter One received as a result of the use of Plaintiff's EIN in the banking transactions involving the Cardinal Accounts.  Plaintiff has  not suggested that the money deposited into the Cardinal Accounts was in any way retained by Charter One.  According to the sworn affidavit of Charter One's records custodian, the only funds Charter One received in connection with the Cardinal Accounts were the agreed bank fees between Cardinal and Charter One.  Charter One's role in the events complained of was merely that of a bank holding the accounts for Cardinal.

Even assuming the bank fees on the Cardinal Accounts constitute a substantial benefit to Charter One, Plaintiff has not alleged any facts that would support an inference that Charter One's collection or retention of fees was unjust.  Plaintiff has presented no evidence to suggest how Charter One's collection or retention of bank fees could have caused her to suffer a substantial detriment.  According to the On-line Banking Enrollment Request forms Plaintiff signed, Johnson was able to access the accounts and use Plaintiff's EIN because Plaintiff granted him permission to do so.  If Plaintiff suffered harm from the improper use of her EIN, it was not causally connected to Charter One's collection of bank fees on the Cardinal Accounts.

Accordingly, summary judgment is granted in favor of the U.S. banks on this claim.

**D.  Count VIII - Outrageous Conduct/Punitive Damages**

In Count VIII, Plaintiff alleges that "the acts and omissions of all Defendants were

-14-

outrageous, willful, wanton, and in reckless disregard to financial health [sic] and well-being of Plaintiff's business or individual welfare as to entitle her to punitive damages."  The Court construes this claim as one for intentional infliction of emotional distress.[2]

In order to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following:  "(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable man could be expected to endure it."  *Burkes v. Stidham*, 668 N.E.2d 982  (Ohio App. Ct.1995); *see also Phung v. Waste Mgt., Inc*., 644 N.E.2d 286, 289 (Ohio 1994).

Plaintiff's claim fails as a matter of law.  First, she fails to allege that she suffered serious emotional distress from Charter One's conduct.  *See Roe v. Franklin County*, 673 N.E.2d 172 (Ohio App. Ct.1996) (dismissing intentional infliction of emotional distress claim due to the plaintiff's failure to allege in the complaint that he is debilitated as a result of defendants' conduct or that he suffers from a mental or emotional condition sufficient to constitute serious emotional distress).  In the instant case, Plaintiff's allegations of suffering were limited strictly to the financial well-being of her business.

Second, Plaintiff's allegation that Charter One represented that the Defendants' alleged

---

[2]Intentional infliction of emotional distress and outrageous conduct are different names for the same cause of action.  *See Moorehead v. J.C. Penney Co., Inc*., 555 S.W. 2d 713, 717 (Tenn. 1977).

-15-

use of the EIN was lawful does not rise to the level of extreme and outrageous conduct required for a claim of intentional infliction of emotional distress.  *See Pollack v. Rashid*, 690 N.E.2d 903 (Ohio App. Ct. 1996) (dismissing claim alleged in the complaint because it was not, as a matter of law, extreme or outrageous).  To recover for intentional infliction of emotional distress, Ohio law requires that a defendant's conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Yeager v. Local Union 20*, 453 N.E.2d 666, 670 (Ohio 1983).

In the instant case, Plaintiff alleges her injuries arise from Charter One's alleged statement that Johnson's and Cardinal's use of her EIN was legal.  As a matter of law, such a statement is not outrageous.  Therefore, Plaintiff's claim against the U.S. banks for outrageous conduct and punitive damages is dismissed.

### E.  Counts IV and V - 18 U.S.C. § 1962 (c) and (d)

In Count IV, Plaintiff alleges that Charter One, along with its co-defendants, violated  the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically  18 U.S.C. § 1962(c) and (d).   The U.S. banks assert that these claims should be dismissed for (1) failure to plead fraud with particularity and (2) failure to state a claim.

#### 1.  Failure to Plead with Particularity

Much like the common law fraud claim, the U.S. banks assert that Plaintiff's claim pursuant to 18 U.S.C. § 1962(c), is not plead with particularity in accordance with Fed. R. Civ. P. 9(b).

To demonstrate a violation of § 1962(c), a Plaintiff must set forth the following

-16-

elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  In order to establish 'racketeering activity' Plaintiff must allege a predicate act under 18 U.S.C. § 1961(1).  *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir. 1996).  "'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. § 1341 which makes mail fraud a criminal offense, and 18 U.S.C. § 1343, which makes wire fraud a crime." *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986).  In the instant action, Plaintiff alleges Charter One, along with the other Defendants, engaged in mail and wire fraud.

If fraud is the predicate act on which a civil RICO matter is baseed, the pleading is governed by Rule 9(b).  *See Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992) (RICO action dismissed for failure to plead with particularity required by Fed. R. Civ. P. 9(b)).  "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact . . . ." *Blount Fin. Servs., Inc., v.  Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987).  As to the level of specificity required, "a RICO plaintiff 'must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud.'" *Goren v. New Vision Int'l,* 156 F.3d 721, 726 (7th Cir. 1998) (quoting *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)).

In the instant action, Plaintiff's complaint lacks any specificity with regard to allegations of wire and/or mail fraud.  Plaintiff's allegations regarding such alleged fraud are limited to the

following:

> From May 12, 2004 up to and including the date of the filing of this Complaint . . . all Defendants . . . were engaged in joint conduct in the intentional and purposeful transmittal by mail and by wire in interstate or foreign commerce false of [sic] fraudulent writings regarding the use of Plaintiff's Employer Identification Number . . . .

> All Defendants . . . participated in the conduct of the enterprise affairs through a pattern of racketeering activity . . . .  Said pattern of racketeering activity included and includes, but was not limited to, the preparation, publication, dissemination, and transmittal of information by U.S. Mail and by wire and other media, which falsely represented that it was proper to use Plaintiff's Employer Identification Number . . . .

Aside from these conclusory allegations of RICO violations, Plaintiff has not revealed the dates of the writings, the person who made the writings, or the specific contents of the writings.  Accordingly, Plaintiff's claim against the U.S. banks for violation of 18 U.S.C. § 1962(c) is dismissed for failure to plead with particularity.

### 2.  Failure to State a Claim

### a.  18 U.S.C. § 1962(c)

In addition to asserting that Plaintiff's § 1962(c) claim fails for failure to plead with particularity, the U.S. banks assert that it fails for failure to state a claim.  Specifically, the U.S. banks maintain that Plaintiff fails to allege: (1) the existence of a factually distinct person and enterprise; and (2) that Charter One conducted or participated in the operation or management of an enterprise through a pattern of racketeering activity.

Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

-18-

18 U.S.C. § 1962(c).  To be liable under § 1962(c), a person must participate in the "operation or management" of the corrupt enterprise's affairs.  *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).  Moreover, a "person" conducting or participating in an enterprise's affairs cannot simultaneously serve as the "enterprise."  *See Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1489 (6th Cir. 1989) (holding that the plaintiff must identify the person separate from the entity).

In the instant action, Plaintiff claims all Defendants collectively constituted an enterprise.  Yet, she alleges that all Defendants were employed or associated with an enterprise and participated in the conduct of the enterprise's affairs.  In short, Plaintiff has not identified a person separate from an enterprise.  *See Puckett*, 889 F.2d at 1489.

Even assuming Plaintiff has shown that Charter One is a separate entity from the alleged enterprise, Plaintiff's Complaint fails to allege that Charter One conducted or participated in the operation or management of the enterprise through a pattern of racketeering activity.  In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs.  *Reves*, 507 U.S. at 179.

The U.S. banks rely on *Javitch v. Capwill*, 284 F. Supp.2d 848 (N.D. Ohio 2003) to support their proposition that the Complaint at best merely alleges that Charter One performed services for the alleged enterprise rather than participated in its operation or management.  In *Jatvich*, pursuant to § 1962(c), the plaintiff sued a corporate insider, who allegedly diverted corporate assets for his own use, and a securities brokerage firm, which allegedly laundered the corporate insider's money through its accounts.  In dismissing the claims as a matter of law against the firm, the Court found that the plaintiff alleged only that the firm performed services for the individual, and that the firm's conduct did not amount to control or direction.  *Id.* at 854.

-19-

The court stated, "[e]ven assuming [the securities brokerage firm] turned its head to [the corporate insider's] activities, '[s]imply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under 1962(c).'" *Id.* (quoting *U.S. v. Swan*, 205 F.2d 495, 499 (7th Cir. 2001) (quoting *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998))).

Similarly, Plaintiff's Complaint contains no allegations suggesting that Charter One's conduct amounts to control or direction of an enterprise.  It does not allege any facts showing that Charter One operated or managed the enterprise, participated in its operation or management or played some part in directing the enterprise's affairs.  Plaintiff alleges only that Charter One, in its capacity as a bank, processed deposits into the Cardinal Accounts.  These allegations are insufficient to establish participation.  *See Javitch*, 284 F. Supp.2d at 854; *see also U.S. v. Swan*, 250 F.3d 495, 499 (7th Cir. 2001).  Accordingly, in addition to being dismissed for failure to plead with particularity, Plaintiff's § 1962(c) claim against the U.S. banks is dismissed for failure to state a claim.

### b.  18 U.S.C. § 1962(d)

Plaintiff also alleges a violation of 18 U.S.C.§ 1962(d).  This section provides that it is unlawful for any person to conspire to violate 1962(a), (b), or (c).  A conspiracy claim under § 1962(d) cannot survive a motion to dismiss if the pleadings do not also state a substantive RICO claim for which relief may be granted.  *See Craigshead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1989) ("Plaintiffs' conspiracy claim cannot stand in light of the dismissal of their other RICO counts.")

In the instant action, Plaintiff's substantive RICO claims under §§ 1962(a) and (c) fail for

the reasons stated in Sections IV.C.1 and IV.C.2.a. *supra* and V.D. *infra* of this Memorandum and Opinion.  Therefore, Plaintiff's § 1962(d) conspiracy claim against the U.S. banks is dismissed.

### F.  Count V - 18 U.S.C. § 1962 (a)

In addition to asserting RICO claims under 18 U.S.C. §§ 1962(c) and (d) in Count IV, Plaintiff asserts a RICO claim under § 1962(a) in Count V.  The U.S. banks assert that Plaintiff's § 1962(a) claim should be dismissed as a matter of law because Plaintiff fails to allege any separate and distinct injury arising from use or investment of income in a racketeering activity. Title 18 U.S.C. § 1962(a) provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity. . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise . . . .

In order to state a claim under § 1962(a), a plaintiff must plead that the defendant used or invested income derived from a pattern of racketeering activity in acquiring an interest in, establishing or operating an enterprise.  In addition, a plaintiff must plead a *specific injury to the plaintiff caused by the investment* of income into an enterprise, distinct from any injuries caused by the predicate acts of racketeering.  *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir. 1994).

Plaintiff's Complaint fails to allege that Charter One used or invested income derived from a pattern of racketeering activity into acquiring an interest in, establishing, or operating an enterprise, let alone that Plaintiff suffered an injury as a result of such use or investment of income.  As Plaintiff fails to state a claim pursuant to § 1962(a), her claim against the U.S. banks is dismissed.

## V.  Conclusion

For the foregoing reasons, all claims against Charter One and Citizens are dismissed.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE

Date: October 25, 2006